IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| HAROLD DOBY, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 126-021 |
| | ) | |
| OFFICER JOSHUA FREEMAN and | ) | |
| RICHMOND COUNTY SHERIFF'S | ) | |
| OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above captioned case. Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

I.      **Screening the Complaint**

A.      **Background**

Plaintiff names Officer Joshua Freeman and the Richmond County Sheriff's Office as Defendants. (Doc. no. 1, p. 1.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

In May 2022, Defendant Freeman, an officer working for Richmond County Sheriff's Office, tased Plaintiff even though Plaintiff was not under arrest, committing a crime, or posing an immediate threat. (Id. at 2.) No charges were filed against Plaintiff. (Id.) This taser incident caused permanent blindness in one of Plaintiff's eyes, requiring placement of a

prosthetic eye in December 2022. (Id.)  Plaintiff seeks compensatory and punitive damages. (Id.)

### B.      Discussion

#### 1.      Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w]

that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.    Plaintiff's Claims Are Time-Barred

Plaintiff's claims are subject to dismissal under the statute of limitations. State law controls the length of the statute of limitations period in § 1983 actions. Chapman v. Dunn, 129 F.4th 1307, 1315 (11th Cir. 2025); Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga., 248 F. App'x 116, 117 (11th Cir. 2007) (*per curiam*); Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987). In Georgia, such claims for injuries to the person must be brought within two years of their accrual. Richards v. Cobb Cnty., Ga., 487 F. App'x 556, 557 (11th Cir. 2012) (*per curiam*); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); O.C.G.A. § 9-3-33. Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. See Chapman, 129 F.4th at 1315 (citing Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996)). Under § 1983, a claim accrues "once the plaintiff knows or should know 'the injury that forms the basis of [his] complaint,' as well as who caused that injury." Id. at 1316 (citing Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003) (*per curiam*)); see also Brown v. Georgia Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003) (*per curiam*).

Here, the claims accrued at the time of the alleged constitutional violations because the Complaint makes it clear Plaintiff knew or should have known of his injuries and who caused

3

them on the date of the events in question, May 2022.  Even if the Court were to use the date Plaintiff received his prosthetic eye in December 2022 as the date he knew of permanent injury, filing the complaint over three years later on January 22, 2026, is still well past the two-year statute of limitations.

Plaintiff alleges he was incarcerated for approximately fourteen months, from October 2023 through December 2024.  (Doc. no. 1, p. 2).  However, his imprisonment does not save his case from the two-year time bar because imprisonment does not toll the statute of limitations.  State law generally determines tolling rules for § 1983 cases.  Salas v. Pierce, 297 F. App'x 874, 877 (11th Cir. 2008) (per curiam) (citing Wallace v. Kato, 549 U.S. 384, 393-96 (2007)).  Georgia does not toll a statute of limitations for imprisonment.  See O.C.G.A. § 9-3-90(c); Lawson v. Glover, 957 F.2d 801, 804 (11th Cir. 1987); Cainion v. Valdosta State Prison, Civ. Act. No. 7:15-CV-174, 2017 WL 1632875, at *5 (M.D. Ga. Apr. 28, 2017); see also Phillips v. Adams, 436 S.E.2d 567, 568 (Ga. Ct. App. 1993) (explaining as of July 1, 1984, Georgia removed "persons imprisoned" from protection of tolling statute).

## II.   Conclusion

For the reasons set forth above, Plaintiff's claims are time-barred, and therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's case be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of February, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4