IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| HAROLD DOBY, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 126-021 |
| | ) | |
| OFFICER JOSHUA FREEMAN and | ) | |
| RICHMOND COUNTY SHERIFF'S | ) | |
| OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 9.) The Magistrate judge recommended dismissing the case for failure to state claim upon which relief may be granted because Plaintiff's claims are time-barred. (See doc. no. 5.) The objections do not change the analysis. Plaintiff's previously unmentioned argument for equitable tolling fails, as he knew of his injury in 2022, knew as of January 2025 that his attorney had not filed suit, and did not file this case until January 2026. (Doc. nos. 1, 9.)

As the Magistrate Judge explained, Plaintiff's fourteen-month period of incarceration from October 2023 through December 2024 does not toll the statute of limitations, and Plaintiff does not offer any information about his efforts to find out what his previous attorney was

doing about filing his current claims while he was incarcerated.[1] Nor does Plaintiff offer any information beyond a general description of "contacting attorneys" for nearly one year once he discovered his case had not been filed. As Plaintiff describes no affirmative misconduct or deception by an adverse party that prevented him from timely filing, let alone provide any information suggesting he pursued his rights diligently and some extraordinary circumstance stood in his way, equitable tolling does not apply. See Zamudio v. Haskins, 775 F. App'x 614, 616-17 (11th Cir. 2019) (*per curiam*) (describing requirements for application of equitable tolling).

Accordingly, the Court **OVERRULES** all objections and **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion. Therefore, the Court **DISMISSES** the case because Plaintiff fails to state a claim upon which relief may be granted and **CLOSES** this civil action.

SO ORDERED this 22nd day of April, 2026, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Plaintiff attached letters to his request for an extension of time to file objections showing his attorney sent Ante Litem Notices regarding his current claims in May 2023. (See doc. no. 7.) Thus, it appears Plaintiff did nothing for nearly a year and a half to follow up with his attorney about the status of filing a lawsuit, and he then spent another year "contacting attorneys" before filing the above-captioned case *pro se*.